### KEMP v. FARLOW and Others.

A mandatary is answerable for gross negligence.
A cause having been dismissed for want of prosecution, the plaintiff produced the affidavit of his attorneys, showing that their failure to appear at the calling of the cause was accidental, &c., and the cause, on the plaintiff's motion, was reinstated.

*Wednesday,*
*December 6.*

ERROR to the *Vermillion* Circuit Court.

PERKINS, J.—Assumpsit by the executors of *Joel Farlow*, deceased, against *Jesse Kemp*, upon the receipt, a copy of which follows:

"Tenth month 6, 1840. Received of *Michael Farlow*, of *Randolph* county, *North Carolina*, three hundred dollars, to

carry to *Joseph Farlow*, of *Orange* county, *Indiana*, unavoidable accidents excepted, to pay over to him—two hundred and seventy dollars in silver, and thirty dollars in paper, with five per cent. added.  [Signed]  *Jesse Kemp.*"

The count averred that the money was the money of *Joel*, in the hands of *Michael Farlow.*

The common counts were added in the declaration.  The general issue was pleaded; cause tried by a jury; verdict and judgment for the plaintiff.  It was proved that the plaintiffs were executors, &c.

*Patience Kemp*, a competent witness, testified "that she was with *Jesse Kemp*, in *North Carolina*, in the fall of 1840; that they called at the house of *Michael Farlow* on their way, and *Michael* brought out the money in question to the wagon; that she got out of the wagon the trunk in which *Jesse Kemp* had his money, and put *Farlow's* money in with his; that this was a trunk which had been in the family, and used for keeping money, for fifty years; that she knows the money was kept in the trunk and safely brought to the house of *Jesse Kemp*, in *Parke* county, *Indiana*, where they arrived on *Saturday* evening; that when they got to *Guilford* county, on their way home, *Stephen Kersey*, who came home with them, put his money into the same trunk, and it was also brought safely to *Kemp's* house; that she knew the *Farlow* and *Kemp* money was in the trunk until the fourth or fifth day after their return, when *Kersey* got his money out; that she was present when *Kersey's* money was taken out, and knows that *Farlow's* money was left remaining in the trunk; that on the way home, on the usual route, they came to a new turnpike which was so sharp and bad that it made the horses lame, and the men consulted about it, and on inquiry finding it was about a hundred miles nearer to come by *Madison*, they changed their route for these two reasons, and came on straight home by *Madison*, instead of going round by *Orange* county, where they had intended to go."

*Elizabeth Horn* testified " that she was living at the house of *Jesse Kemp* when he returned from *North Carolina*; saw the trunk said to contain the money, and saw

*Kersey's* money taken out, but did not see into the trunk; was about the house all the time for a week following; that on the sixth day after *Kemp's* return, she lifted the trunk and felt that it was heavy, and heard the rattle as of the money; that on the seventh day, in the morning, she, *Jesse Kemp,* and all the family, went to meeting, and were gone about four or five hours, no one being left at the house; she returned in company with *Kemp* and his family, and when they came into the house they discovered that the trunk was broken open, and upon looking into it, the money was gone.   Does not know whether any of *Kemp's* money was gone or not, or whether there was any of *Kemp's* money in the trunk at the time.   The trunk stood on a bureau, and there was no lock or other fastening on the door of *Kemp's* house, except a latch."

It was admitted that *Kemp* had paid over 30 dollars to *Farlow.*

We think the foregoing evidence makes out a clear case for the plaintiff below.   If the money of *Farlow* was stolen, it was through gross negligence on the part of *Kemp* that it happened; and for such negligence he is answerable as a mandatary.   If it was not stolen, of which a jury might well entertain doubts, then *Kemp* has failed to account for the money.

We think the Court below did right in refusing a new trial.

Another point in the case must be noticed.   An affidavit as follows appears in the record:

" *Samuel B. Gookins* being duly sworn says, he is one of the plaintiff's attorneys in this cause; that they have no attorney residing in this (*Vermillion*) county, nor do either of the plaintiffs reside here; that *Amory Kinney* and deponent are the only attorneys of plaintiffs in said cause, and that they reside at *Terre-Haute,* thirty-one miles from this Court; that they set out yesterday on their way here, to attend to the same and other causes in this Court, in due time, under ordinary circumstances, to have been here before the meeting of the Court this morning; that they were delayed on their way by the very bad state of the

roads and a storm which came on this morning; still deponent would have been in Court before the calling of said cause, but for the additional reason that the *Wabash* river had risen so high that it was very difficult to cross it, and they were, by reason of the high wind and high water, so delayed in crossing that they did not get into Court until about half-past nine o'clock this morning; and deponent has learned that a very short time before his arrival, said suit had been called and dismissed for want of prosecution. Deponent states that the plaintiffs have a good cause of action, as he verily believes, for over 300 dollars against the defendant in this action, and that said plaintiffs had not, nor had their attorneys, any intention of abandoning said suit, but that they would have been in attendance in time to answer to the same at the calling of said cause, but for the reasons above stated." Signed and sworn to.

On this affidavit, the parties being still all present, the Court rightly sustained a motion to set aside the default and reinstate the cause upon the docket.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*J. A. Wright, E. W. McGaughey,* and *A. L. Roache,* for the plaintiff.

*A. Kinney,* for the defendants.